IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00028-CMA

DANIEL DAVID EGLI,

    Applicant,

v.

R. HUDGINS, Warden, FCI Englewood,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Daniel David Egli, was a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Englewood Federal Correctional Institution in Littleton, Colorado at the time he initiated this action on January 4, 2018. On January 31, 2018, Mr. Egli filed, *pro se*, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7), challenging a prison disciplinary conviction. He has paid the $5.00 filing fee.

### I. The Amended Application

In the Amended Application, Mr. Egli seeking an expungement of an incident report, a restoration of his 27 days of lost good time credits, and access to the inmate email system for the remainder of his incarceration. (ECF No. 7). According to Applicant, he was denied due process at the disciplinary hearing because the hearing officer had pre-judged him guilty. (*Id.* at 2). He also alleges that BOP staff improperly advised him that he could not proceed with his administrative remedies. (*Id.* at 4).

1

On February 1, 2018, Magistrate Judge Gordon P. Gallagher directed the Respondent to file a preliminary response to the application addressing the affirmative defense of exhaustion of administrative remedies. (ECF No. 8). In the preliminary response, Respondent argued that Applicant had failed to exhaust administrative remedies. (ECF No. 12). Mr. Egli filed a Response on March 9, 2018. (ECF No. 13). Respondent filed a Reply to Applicant's Response on March 22, 2018. (ECF No. 14). The same day, Applicant filed a "Petition to Submit Exhibit into Evidence," (ECF No. 15), which was granted by the Court on July 10, 2018 (ECF No. 24). On April 4, 2018, Applicant filed a "Rebuttal to Government's Statement." (ECF No. 16).

On April 25, 2018, the Court ordered Respondent to Show Cause why Applicant's habeas application should not be granted. (ECF No. 17). On May 16, 2018, Respondent filed a response to the Order to Show Cause. (ECF No. 19). On May 29, 2018, Applicant filed a Notice of Change of Address (ECF No. 20), and a "Rebuttal to Respondent's Response," (ECF No. 21). On June 27, 2018, Applicant filed a Motion for Summary Judgment (ECF No. 22), which was denied by the Court on June 28, 2018 (ECF No. 23).

The Court takes judicial notice that the Bureau of Prisons inmate locator website indicates that Mr. Egli was released from BOP custody on December 4, 2018. *See* www.bop.gov.inmateloc/.[1]

**II. Analysis**

The federal courts have an independent obligation to determine whether subject

---

[1] The Court may take judicial notice of the contents of a government agency's website. *See* e.*g., N.M. ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n. 22 (10th Cir. 2009) (taking judicial notice of information on "[t]he websites of two federal agencies").

2

matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974); *see also McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1252 (10th Cir. 1988) (issue of subject matter may be raised *sua sponte* by the court at any point in the proceedings); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). A dismissal for lack of subject matter jurisdiction is without prejudice. *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996); *see also Alvarez v. Smith*, 558 U.S. 87, 92 (2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). At all stages of the case, "'[t]he parties must continue to have a "personal stake in the outcome" of the lawsuit.'" *Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). Federal courts have no authority to give an opinion upon a question that is moot as a result of events that occur during the pendency of the action. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

Once Mr. Egli was released from prison, he no longer had a redressable injury arising from his prison disciplinary conviction and the forfeiture of good time credits. *See*

3

*Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (stating that the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."). Therefore, because Mr. Egli was released from BOP custody on December 4, 2018, his request for relief, that his 27 days of good time credit be restored and that he be allowed access to the inmate Trulincs email system, is moot. In other words, because Applicant has already been released from custody, there is nothing for the Court to remedy. *See Lucero v. McKune*, 340 F. App'x 442, 444 (10th Cir. 2009) ("Since [petitioner] has been released from custody, he has already received his requested relief, and there is simply 'nothing for us to remedy.'" (*citing Spencer*, 523 U.S. at 18)). As recognized by the Tenth Circuit in *Rhodes v. Judiscak*, 676 F.3d 931 (10th Cir. 2012):

> This court can no longer issue a judgment that has a more-than-speculative chance of affecting [petitioner's] rights. We cannot modify his sentence now that it has been completed. And we are not allowed to give him a judicial make-up call by shortening his supervised release term. *See* [*United States v.*] *Johnson*, 529 U.S. [53,] 59 [(2000)].
>
> . . . . [T]he best this court could do for him would be to declare that he spent longer in prison than he should have. It is merely speculative, however, that such a declaration could redress [petitioner's] injury.

676 F.3d at 925.

If Applicant was experiencing "collateral consequences" as a result of the prison disciplinary decision, he might be able to demonstrate a live case or controversy, *See Spencer*, 523 U.S. at 7-8. However, the parties have not identified an ongoing injury relating to Applicant's claim and the Court is not aware of any. As such, Applicant fails

4

to present a case or controversy for purposes of Article III and the § 2241 Application must be dismissed for lack of subject matter jurisdiction.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7), filed by Daniel David Egli, on January 31, 2018, is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.

DATED: January 8, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge